IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015

**TYRONE MUSGRAVE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C13353     Donald H. Allen, Judge**

—————————

**No. W2014-01853-CCA-R3-PC  -  Filed November 24, 2015**

—————————

The Petitioner, Tyrone Musgrave, appeals from the denial of post-conviction relief arising from his guilty plea to one count of burglary, a Class D felony, and one count of retaliation for past action, a Class E felony.  On appeal, he argues that he received ineffective assistance of counsel in relation to his guilty pleas because counsel did not spend adequate time meeting with him and failed to fully explain the consequences of his plea agreement.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, J., joined.

Gregory D. Gookin, Jackson, Tennessee, for the Defendant-Appellant, Tyrone Musgrave.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 20, 2013, the Petitioner entered a plea of guilty to retaliation for past action and burglary.  He received a two-year sentence for the conviction for retaliation for past action and two and a half years for the burglary conviction.  The sentences were ordered to be served consecutively because the Petitioner was charged with burglary while he was released on bond for the retaliation for past action charge.[1]  In sum, the Petitioner received a total effective sentence of four years and six months, as a Range I

—————————

[1] The Petitioner also entered guilty pleas to eight misdemeanor charges on the same day. However, the Petitioner does not challenge the validity of those convictions on appeal.

offender, in the Tennessee Department of Correction. On appeal, the Petitioner claims he received ineffective assistance of counsel only in relation to his guilty pleas to retaliation for past action and burglary.[2]

**Guilty Plea Hearing.** At the May 20, 2013 plea submission hearing, the Petitioner testified that he was not under the influence of drugs or alcohol, he was entering his guilty plea voluntarily, he understood the terms of his negotiated plea agreement, and he had not been threatened or pressured into entering his guilty pleas. The Petitioner also testified that he had been advised of all possible legal defenses by his attorney and he was satisfied with the representation he had received.

The court informed the Petitioner of his rights, and the rights he was giving up by entering a guilty plea as well as the terms of his negotiated plea agreement. The trial court specifically advised the Petitioner of the range of punishments available for each conviction and the amount of pretrial jail credit that would be applied to his sentence.

The State then summarized the proof supporting the Petitioner's guilty plea to retaliation for past action:

> [T]he State would show at trial that on or about September 14th of 2012 that [the Petitioner] did commit the offense of retaliation for past action by threatening to harm a witness, Beverly Kinnie, by committing an unlawful act against her. The State would show at trial that [the Petitioner] was charged or was accused of assaulting Ms. Kinnie's father in the early morning hours of September 15th, 2012. Mr. Musgrave then called Ms. Kinnie and threatened to get back at her for being a witness and participating in having him reported by shooting up her house and her husband. That did place her in fear and she did notify officers then once she had received the threat.

Regarding the burglary charge, the State summarized the proof as follows:

---

[2] In Petitioner's pro se petition for post-conviction relief, and in his brief to this court, the Petitioner challenges the validity of his guilty pleas for burglary and retaliation for past action. At the hearing on the Petitioner's motion, both the Petitioner and his post-conviction counsel acknowledged that the Petitioner only sought relief as to the retaliation for past action conviction. Accordingly, the Petitioner has arguably waived any challenge to his burglary conviction. See T.C.A. § 40–30–110(f) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."). However, because both convictions were challenged in the original petition as well as in the Petitioner's brief, and because the State does not argue that the Petitioner waived consideration of this issue, we will address the validity of the guilty pleas in both cases. See Tenn. R. App. P. 13(b) Advisory Comm'n Cmts.

The State would show at trial that [the Petitioner] did unlawfully enter a building being a storage building belonging to Mr. Blazer with the intent to take that property and that he did unlawfully and knowingly attempt to steal property over the value of $500 being a generator without Mr. Blazer's permission and that he was unlawfully remaining on that property or entering that property without Mr. Blazer's permission. All of this occurred on September 28, 2012[,] and occurred in Madison County, Tennessee.

The Petitioner acknowledged that he had committed the aforementioned acts and that he was pleading guilty to the charged offenses. When asked by the trial court if he had any questions regarding his plea agreement, the Petitioner responded that he did not have any questions, and was "ready to go."

Approximately six months later, on December 16, 2013, the Petitioner filed a pro se petition for post-conviction relief alleging that he had received ineffective assistance of counsel in connection with his guilty pleas to burglary and retaliation for past action. After determining that the petition presented a colorable claim for relief, the post-conviction court assigned counsel and set the matter for an evidentiary hearing.

**Post-Conviction Hearing.** At the September 4, 2014 post-conviction hearing, the Petitioner testified that counsel failed to adequately investigate the facts supporting his charge for retaliation for past conduct and failed to interview the State's main witness. The Petitioner further claimed that counsel failed to adequately explain the terms of his plea agreement, never discussed the strengths and weaknesses of the state's case with him, and met with him only twice prior to his plea hearing. The Petitioner also claimed that he did not fully understand the trial court's explanation of the consequences of his plea agreement because he had gotten into a fight with "some gang members" prior to his plea hearing. The Petitioner acknowledged, however, that he did not inform the court or counsel of this fight at the plea hearing. The Petitioner testified that he decided to plead guilty after being advised by counsel that he would likely receive a longer sentence if convicted at trial. Ultimately, the Petitioner claims that he would have proceeded to trial on both his retaliation for past action case and the burglary case if counsel had adequately investigated the facts of the case and explained to him the consequences of his plea agreement.

Trial counsel testified that she was retained to represent the Petitioner in February of 2013. She testified that the Petitioner continued to pick up new charges after she was retained and that each time he picked up a new charge she would meet with the Petitioner to discuss the new case, the potential defenses, and likelihood of success. In total, counsel estimated she met with the Petitioner "four or five times." Counsel further

-3-

testified that she was initially presented a plea offer of six years, which she was able to negotiate down to four and a half years. She testified that she explained the terms of this plea agreement to the Petitioner in detail prior to the Petitioner deciding to accept the offer.

> I explained everything in detail and we went over the plea agreement. Actually the offer that [the State] had initially sent me was detailed just how the plea agreement was with each charge broken down and the punishment and the range. I went to the jail and went over that with him and showed him that and on the date of the plea that he signed, I went over it again and made sure he understood what the possibilities were, what he was signing to and things of that nature.

Finally, counsel testified that the Petitioner never expressed that he wanted to go to trial on any of his cases, but instead the Petitioner "kept saying that he wanted probation[.]" This testimony is supported by the Petitioner himself, who testified that his goal in retaining counsel was "trying [to] get a little probation."

At the conclusion of the hearing, the post-conviction court took the matter under advisement. On September 16, 2014, the court entered a written order denying post-conviction relief. In the order, the court found that the Petitioner failed to prove the allegations in his petition by clear and convincing evidence. The court also found that the Petitioner's decision to enter a guilty plea was made freely and knowingly, with a full understanding that he would be required to serve an effective sentence of four and a half years with a thirty percent release eligibility status. The court noted that the Petitioner had been fully advised of, and clearly understood, his constitutional rights and that he effectively chose to waive those rights and enter a plea of guilty.

As to the performance of counsel, the post-conviction court found that counsel had been retained to represent the Petitioner on four criminal cases between February 25, 2013, and May 20, 2013, and met with the Petitioner "on at least four or five occasions" during that period. The court additionally found that counsel went over the plea agreement with the Petitioner, and that the Petitioner fully understood the conditions of the plea bargain agreement. The post-conviction court did not credit the Petitioner's testimony that he wanted to proceed to trial on any of his four cases and determined that the Petitioner failed to show that the Petitioner would have insisted on proceeding to trial but for the errors of counsel. The court concluded that the Petitioner had received "more than competent legal representation" from counsel and that the Petitioner was competent and fully understood the legal consequences of his decision to plead guilty.

Following the denial of the petition for post-conviction relief, the Petitioner filed a

timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that he received ineffective assistance of counsel only in connection with his guilty pleas to retaliation for past action and burglary. Specifically, the Petitioner contends that counsel rendered ineffective assistance by failing to sufficiently investigate the facts of his retaliation for past action charge, and by failing to adequately meet with him and explain the consequences of entering a guilty plea. The State responds that the post-conviction court properly denied relief because the Petitioner failed to establish that he received ineffective assistance of counsel. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution

-5-

and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance by establishing that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, the petitioner must show that, but for counsel's errors, he would not have entered his guilty plea and would have proceeded to trial. Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688–89. However, we note that this "'deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting Goad, 938 S.W.2d at 369).

In the present case, the Petitioner complains that counsel met with him only twice, failed to adequately investigate the circumstances surrounding his charge for retaliation

for past action, failed to adequately explain the potential range of punishment, and coerced him into accepting the State's plea offer. In denying the petition, the post-conviction court discredited the testimony of the Petitioner, finding that "the Petitioner received more than competent legal representation from [counsel] and, in fact, made [] an excellent plea bargain agreement for himself[.]" Rather, the court found that counsel met with the Petitioner "on at least four or five occasions" before the Petitioner's guilty plea hearing. The trial court further determined that counsel reviewed the plea agreement with the Petitioner and that the Petitioner never indicated a desire to proceed to trial on any of his cases. The court additionally determined that the Petitioner fully understood the nature and consequences of his plea, the range of punishment he faced for each offense, and that his decision to enter a guilty plea was made voluntarily, knowingly and intelligently with no evidence of force or coercion from anyone, including counsel. Accordingly, the court concluded that the Petitioner failed to establish by clear and convincing evidence that counsel provided ineffective assistance of counsel.

The record does not preponderate against the post-conviction court's findings and supports its conclusions that counsel did not render ineffective assistance of counsel. The testimony of counsel at the post-conviction hearing reflects that counsel met with the Petitioner on at least four or five occasions prior to his guilty plea hearing and discussed the charges against him, the range of punishments he faced, and the likelihood of successfully defending against those charges. Testimony of both counsel and the Petitioner also confirms that counsel negotiated the State's initial plea offer from an effective sentence of six years down to an effective sentence of four and a half years. During the guilty plea hearing, the trial court explained to the Petitioner his rights and the rights he would be waiving by pleading guilty. The trial court also carefully explained the sentence the Petitioner would receive for each charge as well as the effective sentence as a whole. The Petitioner assured the court that he understood his rights and that his plea was both knowing and voluntary. Petitioner also assured the court that he was satisfied with counsel's representation. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting that a defendant's testimony at a guilty plea hearing "constitute[s] a formidable barrier" in any subsequent collateral proceeding because "[s]olemn declarations in open court carry a strong presumption of verity."). Nothing in the record undermines the reliability of the Petitioner's testimony at the guilty plea hearing. Except for his own testimony, which was largely discredited by the court, the Petitioner failed to put forth any evidence to establish deficient performance by counsel. Accordingly, we agree with the post-conviction court that Petitioner failed to establish that he received ineffective assistance of counsel. The Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE